NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

IN RE PARALYZED VETERANS OF AMERICA, NATIONAL VETERANS LEGAL SERVICES PROGRAM, NON-COMMISSIONED OFFICERS ASSOCIATION, and UNITED SPINAL ASSOCIATION/VETSFIRST,
*Petitioners.*

Miscellaneous Docket No. 949

On Petition for Writ of Mandamus directed to the Secretary of Veterans Affairs.

## ON PETITION FOR WRIT OF MANDAMUS

Before RADER, *Chief Judge*, BRYSON and MOORE, *Circuit Judges*.

RADER, *Chief Judge*.

## ORDER

The Paralyzed Veterans of America et al. (petitioners) seek a writ of mandamus to direct the Secretary of Veterans Affairs to issue a final rule establishing presumptions of service connection for three diseases that the Secretary

has determined to be associated with exposure to herbicides in the Vietnam War, or in the alternative to direct the Secretary to issue an interim final rule establishing the same presumptions of service connection. The Secretary opposes.

I.

Section 1116(c)(1)(A) requires the Secretary, within 60 days of receiving a report from the National Academy of Sciences (NAS) regarding the relationship between exposure to herbicides used in Vietnam during the War in Vietnam and certain diseases, to consider whether a presumption of service connection is warranted for any of the diseases in the report. Within 60 days of making such a determination, the Secretary is required to issue proposed regulations setting forth that determination. *Id.* Within 90 days of issuing the proposed regulations, the Secretary must issue final regulations. *Id.* at § 1116(c)(2).

On July 24, 2009, the NAS issued its report finding sufficient evidence to suggest a relationship between herbicide exposures used in Vietnam during the Vietnam War and B-cell leukemias, Parkinson's disease, and ischemic heart disease. Despite the specific 60-day time limit in the statute, the Secretary failed to issue a proposed regulation regarding the presumption of service connection until March 25, 2010, 244 days after the NAS's report.

Although § 1116 provides that on June 23, 2010 the Secretary should have issued his final rule, he has not done so. According to the Secretary, he has drafted the final rule but pursuant to Executive Order 12,866 he cannot issue the rule until it is reviewed and cleared by the Office of Management and Budget (OMB). The Secre-

tary states that once OMB has cleared the proposed final rule, it will be issued.

## II.

Because the Secretary's alleged unlawful withholding of the final rule interferes with our jurisdiction pursuant to 38 U.S.C. § 502, we have authority under the All Writs Act, 28 U.S.C. § 1651, to address the Secretary's action in failing to issue the final rule. *See* 5 U.S.C. § 706(1) ("A reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed"); *Telecom. Res. & Action Center v. F.C.C.*, 750 F.2d 70, 75-78 (D.C. Cir. 1984) (Section 706(1) claims may be reviewed on mandamus to protect prospective jurisdiction); *see also Margolis v. Banner*, 599 F.2d 435, 440-41 (C.C.P.A. 1979).

Mandamus requires a petitioner to establish that: (1) there are no alternative means of obtaining the relief desired, *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and (2) the right to the relief sought is "clear and undisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). The first requirement is clearly satisfied here. While the Secretary may be correct that the ultimate goal of this petition is for veterans to seek earlier effective dates, he ignores that the petitioners also seek to compel the Secretary to cease what they allege is an unlawful agency action. Mandamus is clearly the only avenue for the petitioners to obtain such relief.

With regard to the merits, the Secretary contends that the petition must be denied because Section 1116's deadlines are mere guidance. *See Liesegang v. Sec'y of Veterans Affairs*, 312 F.3d 1368, 1377 (Fed. Cir. 2002) ("In the absence of any consequences for noncompliance, those timing provisions are at best precatory rather than man-

datory."). We disagree. In *Liesegang*, this court held that because Section 1116 does not provide any specific consequences for failing to comply with the timing requirements, the court could not sanction the Secretary by imposing payment of benefits from the date that the final regulation should have issued rather than the date of actual issuance. But *Liesegang* did not consider the separate problem at issue here, i.e., whether we should exercise our equitable powers to enforce the deadline to issue the regulation itself.*

We also disagree with the Secretary's contention that his delay in issuing a final rule is reasonable. Congress clearly imposed on the Secretary a date-certain deadline to issue a final regulation. Under such circumstances, the agency has no discretion in deciding to withhold or delay the regulation, and failure to comply is unlawful. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999) ("To hold otherwise would be an affront to our tradition of legislative supremacy and constitutional separated powers.").

The Secretary's argument that delay is required under Executive Order 12,866, until OMB reviews and clears the regulation is also unpersuasive. The Executive Order makes clear that OMB review cannot interfere with a clear directive of Congress regarding the timing of issuance. First, Section 6(a)(3)(D) of the Executive Order provides that when, as here, regulatory action is governed by a statutory-imposed deadline, the agency should attempt to permit sufficient time for OMB review, but only "to the extent practicable." Section 9 further provides that "[n]othing in this order shall be construed as displacing the agencies' . . . responsibilities, as authorized

---

\* In *Liesegang*, the regulation had been issued by the Secretary. *See Liesegang*, 312 F.3d at 1377.

by law." In addition, the Executive Order states in Section 8 that while publication of a rule is not ordinarily allowed until after OMB review, it is allowed when "required by law." By creating a deadline such as this, Congress has effectively altered the agency's discretion and "required by law" that the final rule be published notwithstanding the deadlines that appear in the Executive Order for action by OMB.

Finally, to the extent we may have discretion to decline ordering compliance with § 706, *see Forest Guardians*, 174 F.3d at 1191 (holding that § 1116 leaves no discretion once a determination that the delay was unreasonable), *but see In re Barr Labs., Inc.*, 930 F.2d 72 (D.C. Cir. 1991) (declining to grant mandamus despite agency's failure to comply with a specific statutory deadline), declining to direct compliance here might additionally delay receipt of benefits to those veterans otherwise entitled.

Although mindful of the Secretary's autonomy and his unique ability to handle the rulemaking process, Congress left him no discretion in issuing the final rule in question by a specific deadline. We grant the petition and direct the Secretary to issue the final regulation within 30 days of the date of filing of this order.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is granted. The Secretary is directed to issue a final rule under Section 1116 within 30 days of the date of filing of this order.

FOR THE COURT

__AUG    2 2010__          /s/ Jan Horbaly
Date                              Jan Horbaly
                                  Clerk

cc:  Thomas E. Riley, Esq.
     Meredyth Cohen Havasy, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 02 2010

JAN HORBALY
CLERK